IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 6, 2020 Session

## STATE OF TENNESSEE v. MICKEY VERCHELL SHANKLIN

**Appeal from the Circuit Court for Madison County**
**No. 18-854-B      Donald H. Allen, Judge**

_____

**No. W2019-01460-CCA-R3-CD**
_____

CAMILLE R. MCMULLEN, J., dissenting.

I dissent from the conclusion reached by the majority that it is necessary to remand the case to the trial court for a hearing on the fines owed by the Defendant.

As noted by the majority, the trial court's imposition of a fine must be based upon the factors provided in the statutory sentencing act, and the trial court must also consider other factors "including prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors that are relevant to an appropriate overall sentence." Taylor, 70 S.W.3d at 723 (citing Blevins, 968 S.W.2d at 895). Because the trial court did not make any findings on the record in imposing the $75,000 fine, the trial court's decision is not entitled to a presumption of reasonableness. However, I disagree with the majority's decision to remand the case to the trial court for findings based upon the relevant factors, and I would instead conduct a de novo review and impose the statutory minimum fines dictated by Tennessee Code Annotated § 39-17-428. This court and our supreme court have declined to remand cases for a hearing on fines and instead imposed the statutory minimum fines where the trial court did not make findings on the record. See, e.g., State v. Ashley K. Moyers, No. E2013-01608-CCA-R3-CD, 2014 WL 2902253, at *7 (Tenn. Crim. App. June 25, 2014), perm. app. denied (Tenn. Nov. 20, 2014) (modifying $40,000 fine to statutory minimum where trial court failed to make any findings on the record regarding the fine); Taylor, 70 S.W.3d at 723 (modifying $27,500 fine to statutory minimum where trial court failed to make any findings on the record regarding the fine). Because I would have modified the fines instead of remanding for a hearing, I respectfully dissent.

_____
CAMILLE R. MCMULLEN, JUDGE